**Michael J. (Sam) Sandmire**, OSB No. 90441
E-mail: mjs@aterwynne.com
ATER WYNNE LLP
222 SW Columbia, Suite 1800
Portland, Oregon 97201-6618
Telephone:    (503) 226-1191
Facsimile:    (503) 226-0079
Attorneys for Defendant Pfizer Inc.

FILED'08 MAY 22 11 28US10 6P

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**CV '08 - - 5 7 1 - ..**

| | |
|---|---|
| GENE SJOBERG, | Case No._____ |
| Plaintiff, | DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1446(b) (DIVERSITY) |
| v. | *Pending transfer to MDL-1699 (In re Bextra & Celebrex Marketing, Sales Practices & Products Liability Litig.)* |
| PFIZER INC., | |
| Defendant. | Multnomah County Circuit Court Case No. 0805-06856 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

NOTICE:

Defendant Pfizer Inc. (improperly captioned in Plaintiff's complaint as "Pfizer, Inc.")

(hereinafter "Pfizer"), through undersigned counsel, and with full reservation of all defenses,

hereby files this Notice of Removal and removes the above-captioned action from the Circuit

Court of the State of Oregon for the County of Multnomah, to the United States District Court

for the District of Oregon pursuant to 28 USC §§ 1332, 1441, and 1446, and respectfully states:

Page 1  – **DEFENDANT'S NOTICE OF REMOVAL**

373709/1/MJS/101858-0009

21370

1.      As more fully set out below, this case is properly removed to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, because Pfizer has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.  PFIZER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

2.      On or about May 7, 2008, Plaintiff filed this action with the county clerk of Multnomah County, Oregon as Case No. 0805-06856, entitled *Gene Sjoberg v. Pfizer, Inc.* This is a product liability personal injury action arising out of Plaintiff's alleged use of Celebrex, an FDA-approved prescription medicine. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the "JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing a multidistrict litigation ("MDL") proceeding in the Northern District of California (MDL-1699) before the Honorable Charles R. Breyer to coordinate pretrial proceedings for cases such as this related to Celebrex. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (JPML 2005). Accordingly, this case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (JPML 2001). Pfizer intends to file a motion to stay or defer all proceedings in this Court pending MDL transfer.

3.      Pfizer was served on or about May 8, 2008. Thus, this Notice of Removal is timely filed as Pfizer is filing it within 30 days of the receipt of the initial pleading first served on Defendant and within one year of the filing of this action. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4.      The Circuit Court of the State of Oregon for the County of Multnomah is located within the District of Oregon, Portland Division. Therefore, this action is properly removed to

Page 2  – **DEFENDANT'S NOTICE OF REMOVAL**                    373709/1/MJS/101858-0009

this Court, pursuant to 28 U.S.C. § 117, because this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.    Pfizer is the sole defendant in this action and consents to removal. Because there are no other defendants in this action, no other defendants are required to consent to and/or join in this removal.

6.    No previous application has been made for the relief requested herein.

7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah.

8.    This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

9.    Pursuant to 28 U.S.C. § 1446(a), Pfizer attaches a copy of all process, pleadings, and orders served on Defendant, including the summons and complaint, as Exhibit A to this removal.

10.    Pfizer reserves the right to supplement or amend this Notice of Removal. If any question arises to the propriety of the removal of this action, Pfizer respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.    There Is Complete Diversity of Citizenship Between Plaintiff and Defendant.

12.    There is complete diversity between Plaintiff and Defendant.

Page 3 – **DEFENDANT'S NOTICE OF REMOVAL**

373709/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

13.    Plaintiff is, and was at the time of the filing of the Complaint, an Oregon resident and citizen. *See* Compl. ¶ 2.

14.    Pfizer is, and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in New York and is therefore a citizen of Delaware and New York. *See* Compl. ¶ 3; 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Thus, Pfizer is not now, nor was it at the time of filing of this action, a citizen of Oregon for purposes of determining diversity.

15.    There are no additional parties to the litigation to destroy diversity.

**B.    The Amount-In-Controversy Requirement Is Satisfied.**

16.    It is apparent on the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs. When, as here, a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). That is the case here. In his Complaint, Plaintiff claims to have suffered extensive personal injuries, including a "heart attack," Compl. ¶ 5, as well as "various coronary, arterial, vascular, pulmonary, cerebral and/or renal issues with resulting physical injury," *id.* ¶¶ 21, 26, 32, 38, 43, from his use of Celebrex. Plaintiff further alleges that "[a]s a result of his injuries, [he] has suffered discomfort, pain and inconvenience, loss of enjoyment of life, interference with his usual and regular activities, and anxiety, all to his non-economic damage." *Id.* With regard to economic damage, Plaintiff alleges that he "required medical transportation, hospitals, physicians, surgeons, nurses, technicians, therapists and medications," and further alleges loss of income and past and future earning capacity. *Id.* at ¶¶ 22, 27, 33, 39, 44. Plaintiff seeks, without limitation, economic and non-economic damages for the past and

Page 4  – **DEFENDANT'S NOTICE OF REMOVAL**

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

future injuries alleged on the face of his Complaint. *Id.* ¶¶ 21, 22, 26, 27, 32, 33, 38, 39, 43, 44. Moreover, Plaintiff states on the face of the Complaint his intent to seek punitive damages based on the Defendant's alleged "malice" or "reckless and outrageous indifference." *Id.* ¶¶ 49-50. Based on these allegations, among others including Plaintiff's claim for attorney fees, it is facially apparent that the amount in controversy exceeds $75,000. *See, e.g., In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication); *Strong v. Merck & Co.,* 2005 U.S. Dist. LEXIS 2413, *12-13 (N.D. Cal. Feb. 18, 2005) (plaintiff demands for restitution, attorneys fees, and damages based on loss of sight in one eye secondary to a thrombotic event satisfy amount in controversy "from the face of the complaint"); *Cedco, Inc. v. Arch Specialty Ins. Agency,* 2008 U.S. Dist. LEXIS 11317, *6 (D. Nev. Jan. 30, 2008) (amount in controversy facially satisfied by claims for damages from personal injuries sustained in a physical altercation, as well as claims for pain and suffering, future medical expenses, lost wages, emotional distress, and punitive damages); *see also Gibson v. Chrysler Corp.,* 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

WHEREFORE, Pfizer hereby removes the above-referenced action from the Circuit Court of the State of Oregon for the County of Multnomah to this Honorable Court.

Dated this 22nd day of May, 2008.

ATER WYNNE LLP

By: _____

Michael J. (Sam) Sandmire, OSB No. 90441
E-mail:       mjs@aterwynne.com
Telephone:    (503) 226-1191
Facsimile:    (503) 226-0079
Attorneys for Defendant Pfizer Inc.

Page 5  – **DEFENDANT'S NOTICE OF REMOVAL**

373709/1/MJS/101858-0009

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/09/2008
CT Log Number 513406415

|||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Alys Kremer, Manager, Litigation CoE
         Pfizer Inc.
         150 E. 42nd Street, Mail Stop 150/02/9
         New York, NY 10017

**RE:**   **Process Served in Oregon**

**FOR:**  Pfizer Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gene Sjoberg, Pltf. vs. Pfizer, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons and Notice, Complaint |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 080506856 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Claim of failure to warn of harmful side effects, warranting, and selling of the prescription drug Celebrex |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2008 at 09:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days - File Answer |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey A. Bowersox<br>Bowersox Law Firm, P.C.<br>111 S.W. Columbia St.<br>Suite 1000<br>Portland, OR 97201<br>503-452-5858 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 791063184850<br>CC Recipient(s)<br>Carla Wilkins, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Patricia McGriff<br>CT Corporation System<br>388 State Street, Suite 420<br>Salem, OR 97301<br>503-588-6883 |

Page 1 of 1 / MA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**
**Pg. 1 of 15**

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

GENE SJOBERG,

           Plaintiff,

      v.

PFIZER, INC.,

           Defendant.

No.  **0805 - 06856**

**SUMMONS**

To:   Pfizer, Inc.
      c/o Registered Agent: CT Corporation
      388 State Street, Suite 420
      Salem, Oregon 97301

       You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

      You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

      If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF
Jeffrey A. Bowersox, OSB No. 81442
ATTORNEY'S NAME /   BAR NO. (IF ANY)
111 S.W. Columbia St., Suite 1000
ADDRESS
Portland, OR 97201   (503) 452-5858
CITY   STATE  ZIP   PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE BAR NO. (IF ANY)

STATE OF OREGON, County of Multnomah ) ss.

     I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY(S) FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

EXHIBIT A
Pg. 2 of 15

MAY - 7 2008

1

2

3

4

5

6                IN THE CIRCUIT COURT OF THE STATE OF OREGON

7                    FOR THE COUNTY OF MULTNOMAH

8

| GENE SJOBERG, | Case No. **0805--06856** |
|---|---|
| Plaintiff, | COMPLAINT<br>(Products Liability, Negligence, Breach of<br>Warranty, UTPA Violation) |
| v. | |
| PFIZER, INC., | |
| Defendant. | NOT SUBJECT TO MANDATORY<br>ARBITRATION |

14      Plaintiff alleges as follows:

15

16                                1.

17      This is an action for damages suffered by Plaintiff as a direct and foreseeable result of Defendant's

18  wrongful conduct including, but not limited to, the design, manufacturing, distribution, testing, labeling,

19  failure to warn of harmful side effects, warranting, and selling of the prescription drug Celebrex.

20                              **PARTIES**

21                                2.

22      Plaintiff, GENE SJOBERG, is a resident of Oregon.

23  // // // //

24

25

26

Page 1 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

3.

Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Oregon, with its principal place of business in New York, and has committed a tort within the State of Oregon.

## FACTUAL ALLEGATIONS

4.

Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, Celebrex. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold Celebrex in Oregon.

5.

Plaintiff ingested Celebrex as prescribed and, as a result thereof, suffered a heart attack on or about December 29, 2002.

6.

At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

7.

The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as Celebrex.

8.

Celebrex is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and

Page 2 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

EXHIBIT A
Pg. 4 of 15

1  Drug Administration on December 31, 1998, for the treatment and management of acute pain in adults,

2  and for the treatment of symptoms of osteoarthritis.

3                                                  9.

4
5  As of December 2004, Pfizer, Inc. has refused to withdraw Celebrex from the market, despite

   scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection
6
7  with the use of Celebrex.

8                                                  10.

9  Defendant materially breached its obligations to consumers, such as the plaintiff, including, but

10  not limited to, its design, testing, the manufacture, design, warning, marketing, warranting, and sale of

11  Celebrex.

12                                                 11.

13
14  Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and

15  through statements made by Defendant or its authorized agents or sales representatives, orally and in

16  publications, package inserts and other written materials to the health care community, that Celebrex was

17  safe, effective, fit and proper for its intended use.

18                                                 12.

19  Defendant was aware of the substantial risks from taking Celebrex but failed to fully disclose

20  same.

21
22  Defendant failed to meet the applicable standards of care which were intended for the benefit of

23  individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

24  // // // //

25

26

Page 3 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

1

## FIRST CLAIM FOR RELIEF
## STRICT LIABILITY

2

3
14.

4     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 13 above as

5     though fully set forth herein.

6
15.

7     The CELEBREX® prescribed and furnished to Plaintiff was in substantially the same condition

8
in which it was expected to be, and was without substantial change in the condition in which it was

9
designed, manufactured, labeled, sold, distributed, marketed, promoted, supplied and otherwise released

10
into the stream of commerce by Defendant Pfizer.

11

12
16.

13    The CELEBREX® prescribed and furnished to Plaintiff was defective and unreasonably

14    dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user.

15    Defendant Pfizer represented CELEBREX® to be safe and free from latent defects and Plaintiff was

16    unaware of the significant hazards and defects inherent in the drug.

17
17.

18

19    Defendant Pfizer's prescription drug CELEBREX® was defective and unreasonably dangerous in

20    one or more of the following ways:

21
18.

22    CELEBREX® exposed the users to an unreasonable risk of harm in the nature of cardiovascular

23    injury, including heart attack and other serious side effects;

24    // // // //

25

26

Page 4 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

1

19.

2      CELEBREX® had not been adequately tested, studied and/or reported on by Defendant Pfizer

3  with regard to cardiovascular and other risks before and/or during the time it was marketed, distributed

4  and sold;

5

20.

6      CELEBREX® was sold without adequate warnings of the increased risk of serious

7

8  cardiovascular injury, including heart attacks, and other serious adverse side effects from its use;

9

21.

10      The defective and unreasonably dangerous condition of Defendant Pfizer's prescription drug

11  CELEBREX® in one or more of the foregoing ways was a substantial factor in causing Plaintiff to suffer

12  various coronary, arterial, vascular, pulmonary, cerebral and/or renal issues with resulting physical injury.

13  As a result of his injuries, Plaintiff has suffered discomfort, pain and inconvenience, loss of enjoyment of

14  life, interference with his usual and regular activities, and anxiety, all to his non-economic damage in an

15

16  amount to be determined by the jury at trial in accordance with the law.

17

22.

18      Because of the described injuries, Plaintiff has required medical transportation, hospitals,

19  physicians, surgeons, nurses, technicians, therapists and medications all to his economic damage, in

20  amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest

21  from the date of the economic damage incurred until entry of judgment herein. Plaintiff has also suffered

22  lost income and past and future impaired earning capacity, all to his economic damage, in amounts to be

23  determined by a jury at trial in accordance with the law, together with prejudgment interest from date the

24

25  economic damage incurred until entry of judgment herein.

26

Page 5 - COMPLAINT

EXHIBIT A
Pg. 7 of 15

## SECOND CLAIM FOR RELIEF
### (Negligence)

23.

Plaintiff realleges Paragraphs 1 through 22.

24.

Defendant Pfizer was negligent in one or more of the following ways:

    a.    Failing to utilize and/or implement a reasonably safe design or formulation in the manufacture of CELEBREX®;

    b.    Failing to timely and adequately test CELEBREX® so as to ascertain whether they were safe and proper for the purposes for which it was designed, manufactured, marketed and/or sold;

    c.    Failing to timely and adequately warn health care providers and consumers, including Plaintiff, of the risks of complications and/or diseases associated with CELEBREX® when used in a foreseeable manner;

    d.    Failing to timely and adequately label CELEBREX® so as to warn health care providers and consumers, including Plaintiff of the dangers of complications and/or diseases associated with CELEBREX® when used in a foreseeable manner;

    e.    Misrepresenting to the public that CELEBREX® were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of CELEBREX®, upon which Plaintiff constructively relied as intended by Defendant;

    f.    Manufacturing, marketing and selling CELEBREX®, which constituted a serious hazard to health when used in a foreseeable manner;

Page 6 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

1      g.    Failing to timely recall CELEBREX® from the market.

2                              25.

3      Defendant Pfizer knew, or in the exercise of reasonable care should have known, that one or more

4  of the foregoing acts or omissions would create a foreseeable risk of harm to users of CELEBREX®,

5  including Plaintiff.

6

7                              26.

8      The described negligence of Defendant Pfizer in one or more of the foregoing ways was a

9  substantial factor in causing Plaintiff to suffer various coronary, arterial, vascular, pulmonary, cerebral

10 and/or renal issues with resulting physical injury. As a result of his injuries, Plaintiff has suffered

11 discomfort, pain and inconvenience, loss of enjoyment of life, interference with his usual and regular

12 activities, and anxiety, all to his non-economic damage in an amount to be determined by the jury at trial

13 in accordance with the law.

14

15                             27.

16     Because of the described injuries, Plaintiff has required medical transportation, hospitals,

17 physicians, surgeons, nurses, technicians, therapists and medications all to his economic damage, in

18 amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest

19 from the date of the economic damage incurred until entry of judgment herein. Plaintiff has also suffered

20 lost income and past and future impaired earning capacity all to his economic damage, in amounts to be

21 determined by a jury at trial in accordance with the law, together with prejudgment interest from date the

22 economic damage incurred until entry of judgment herein.

23 // // // //

24

25

26

Page 7 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

1

## THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty

2

3                                28.

4        Plaintiff realleges Paragraphs 1 through 27.

5                                29.

6        A warranty that a product is reasonably fit for its intended purpose is imposed by law on the seller

7    of the product, including Pfizer in the sale of CELEBREX®.

8                                30.

9
        Pfizer breached their implied warranties, because CELEBREX® is not reasonably fit for its

10
     intended purpose for the reason alleged above in this complaint.

11

12                               31.

13       Plaintiff reasonably relied on the belief that CELEBREX® was reasonably safe for his intended

14   purposes in making the decision to take the drug.

15                               32.

16       The defective and unreasonably dangerous condition of Defendant Pfizer's prescription drug

17   CELEBREX® in one or more of the foregoing ways was a substantial factor in causing Plaintiff to suffer

18   various coronary, arterial, pulmonary, cerebral and/or renal issues with resulting physical injury. As a

19   result of his injuries, Plaintiff has suffered, discomfort, pain and inconvenience, loss of enjoyment of life,

20
     interference with his usual and regular activities, and anxiety, all to his non-economic damage in an

21   amount to be determined by the jury at trial in accordance with the law.

22

23   // // // //

24

25

26

Page 8 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

33.

Because of the described injuries, Plaintiff has required medical transportation, hospitals, physicians, surgeons, nurses, technicians, therapists and medications, all to his economic damage, in amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest from the date of the economic damage incurred until entry of judgment herein. Plaintiff has also suffered lost income and past and future impaired earning capacity, all to his economic damage, in amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest from date the economic damage incurred until entry of judgment herein.

## FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty

34.

Plaintiff realleges paragraphs 1-33.

35.

Pfizer created express warranties that CELEBREX® are reasonably safe for its intended purpose through the representations, described earlier in this complaint, made to health care professionals and to the public, including Plaintiff and/or Plaintiff's decedent.

36.

Pfizer breached these express warranties, because CELEBREX® are not reasonably safe for its intended purpose.

37.

Plaintiff reasonably relied on Pfizer's express warranty in making the decision to take the drug.

// // // //

Page 9 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

EXHIBIT A
Pg. 11 of 15

1

38.

2    The defective and unreasonably dangerous condition of Defendant Pfizer's prescription drugs

3    CELEBREX® in one or more of the foregoing ways was a substantial factor in causing Plaintiff to suffer

4    various coronary, arterial, vascular, pulmonary, cerebral and/or renal issues with resulting physical injury.

5    As a result of his injuries, Plaintiff has suffered, discomfort, pain and inconvenience, loss of enjoyment

6    of life, interference with his usual and regular activities, and anxiety, all to his non-economic damage in

7    an amount to be determined by the jury at trial in accordance with the law.

8

9    39.

10    Because of the described injuries, Plaintiff has required medical transportation, hospitals,

11    physicians, surgeons, nurses, technicians, therapists and medications, all to his economic damage, in

12    amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest

13    from the date of the economic damage incurred until entry of judgment herein.  Plaintiff has also suffered

14    lost income and past impaired earning capacity, all to his economic damage, in amounts to be determined

15    by a jury at trial in accordance with the law, together with prejudgment interest from date the economic

16    damage incurred until entry of judgment herein.

17

18    **FIFTH CLAIM FOR RELIEF**
**(Unlawful Trade Practices Claim)**

19

20    40.

21    Plaintiff realleges Paragraphs 1 through 39.

22    41.

23    Defendant Pfizer's actions as described above constitute violations of ORS 646.608 (G) and ORS

24    646.608 (T).

25

26

Page 10 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

EXHIBIT A
Pg. 12 of 15

1    42.

2    Pursuant to ORS 646.638, Plaintiff has the right of civil action for Defendant Pfizer's breach of

3    the Unlawful Trade Practices Act described above for actual damages, attorney fees and punitive

4    damages.

5    43.

6

7    Defendants Pfizer's actions as described above caused actual damage to Plaintiff when Plaintiff

8    suffered various coronary, arterial, vascular, pulmonary, cerebral and/or renal issues with resulting

9    physical injury. As a result of his injuries, Plaintiff has suffered, discomfort, pain and inconvenience,

10   loss of enjoyment of life, interference with his usual regular activities, and anxiety, all to his actual non-

11   economic damage in an amount to be determined by jury at trial in accordance with the law.

12   44.

13

14   As a result of Defendant Pfizer's violation of the Unlawful Trade Practices Act as described

15   above, and because of the described injuries, Plaintiff has required medical transportation, hospitals,

16   physicians, surgeons, nurses, technicians, therapists and medications, all to his economic damage, in

17   amounts to be determined by a jury at trial in accordance with the law, together with prejudgment interest

18   from the date of the economic damage incurred until entry of judgment herein. Plaintiff has also suffered

19   lost income and past impaired earning capacity, all to his economic damage, in amounts to be determined

20   by a jury at trial in accordance with the law, together with prejudgment interest from date the economic

21   damage incurred until entry of judgment herein.

22   45.

23

24   The Court should award Plaintiff reasonable attorney fees pursuant to ORS 646.638.

25   // // // //

26

Page 11 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

EXHIBIT A
Pg. 13 of 15

1
2

## NOTICE OF INTENT TO SEEK AUTHORITY TO
## PLEAD A CLAIM FOR PUNITIVE DAMAGES.

3
46.

4
Plaintiff realleges Paragraphs 1 through 45 above as though fully set forth herein.

5
47.

6
Defendant Pfizer knew or should have known of the defective nature of CELEBREX® associated

7
dangers of its use but continued to design, manufacture, sell, distribute, market, promote and/or supply

8
CELEBREX® so as to maximize sales and profits at the expense of the public health and safety, in

9
conscious disregard of the foreseeable harm caused by CELEBREX®.

10
48.

11

12
Defendants Pfizer before and/or after making CELEBREX® available for the public use,

13
knowingly withheld from or misrepresented to the FDA or prescribing physician information about the

14
risks of using CELEBREX® that were known to be material and relevant to the described injuries

15
suffered by Plaintiff

16
49.

17
Defendant Pfizer, in one or more of the acts or omissions previously alleged, acted with malice or

18
with reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a

19
conscious indifference to the health, safety and welfare of others, including Plaintiff.

20
50.

21
As a result of Pfizer's conduct and the injuries suffered by Plaintiff as described above, Plaintiff

22
hereby gives notice of his intent to seek permission of the court to amend his complaint to add a claim for

23
punitive damages.

24
// // // //

25

26

Page 12 – COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

EXHIBIT A
Pg. 14 of 15

1    WHEREFORE, Plaintiff prays for judgment against Defendant Pfizer, Inc. as follows:

2    a.    For non-economic damages as proven at trial;

3    b.    For economic damages as proven at trial, including prejudgment interest from the date

4          incurred until the entry of judgment herein;

5    c.    Reasonable attorney fees;

6    d.    For his costs and disbursements incurred herein; and

7

8    e.    For other relief as the court deems just and equitable

9

10   Dated this ___ day of May 2008.

11

12                                        JEFFREY A. BOWERSOX, OSB# 81442
                                          Bowersox Law Firm, P.C.
13                                        111 S.W. Columbia St., Suite 1000
                                          Portland, OR 97201
14                                        Telephone:  (503) 452-5858
                                          Facsimile:  (503) 525-4833
15

16

17                                        s/ Daniel E. Becnel, Jr.
                                          DANIEL E. BECNEL, JR. LA BAR #2929
18                                        BECNEL LAW FIRM, L.L.C.
                                          106 W. Seventh Street
19                                        Post Office Drawer H
                                          Reserve, LA 70084
20                                        Telephone: (985) 536-1186
                                          Facsimile:  (985) 536-6445
21

22

23

24

25

26

Page 13 - COMPLAINT

Bowersox Law Firm, p.c.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
(503) 452-5858

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (DIVERSITY)** on the following:

Jeffrey A. Bowersox
Bowersox Law Firm, P.C.
111 S.W. Columbia St., Suite 1000
Portland, OR 97201
Telephone:     (503) 452-5858
Facsimile:     (503) 525-4833

Daniel E. Becnel, Jr.
Becnel Law Firm, L.L.C.
106 W. Seventh Street
Post Office Drawer H
Reserve, LA 70084
Telephone:     (985) 536-1186
Facsimile:     (985) 536-6445

     Of Attorney for Plaintiff

by ☑ mailing; and ☑ e-mailing a true and correct copy thereof to said parties on the date stated below.

DATED this 22nd day of May, 2008.

Michael J. (Sam) Sandmire, OSB No. 90441
Attorneys for Defendant Pfizer Inc.

373709/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

**Michael J. (Sam) Sandmire,** OSB No. 90441
E-mail:    mjs@aterwynne.com
ATER WYNNE LLP
222 SW Columbia, Suite 1800
Portland, Oregon  97201-6618
Telephone:   (503) 226-1191
Facsimile:   (503) 226-0079
Attorneys for Defendant Pfizer Inc.

FILED '08 MAY 22 11:28USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CV '08 - - 57 1 - AA

| | |
|---|---|
| GENE SJOBERG, | Case No._____ |
| Plaintiff, | **DEFENDANT PFIZER INC.'S CORPORATE DISCLOSURE STATEMENT** |
| v. | |
| PFIZER, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Pfizer Inc. ("Pfizer"), submits

its Corporate Disclosure Statement.  Defendant Pfizer states:

/ / /

/ / /

/ / /

/ / /

/ / /

Page 1 -  **DEFENDANT PFIZER INC.'S
          CORPORATE DISCLOSURE STATEMENT**

373494/1/MJS/101858-0009

1.    Defendant Pfizer Inc. does not have any parent corporations, and no publicly traded company owns 10% or more of Pfizer Inc.'s stock.

DATED this 22nd day of May, 2008.

ATER WYNNE LLP

By: _____

Michael J. (Sam) Sandmire, OSB No. 90441
E-mail:        mjs@aterwynne.com
Telephone:     (503) 226-1191
Facsimile:     (503) 226-0079
Attorneys for Defendant Pfizer Inc.

Page 2 - **DEFENDANT PFIZER INC.'S
CORPORATE DISCLOSURE STATEMENT**

373494/1/MJS/101858-0009

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT PFIZER INC.'S**

**CORPORATE DISCLOSURE STATEMENT** on the following:

Jeffrey A. Bowersox
Bowersox Law Firm, P.C.
111 S.W. Columbia St., Suite 1000
Portland, OR  97201
Telephone:    (503) 452-5858
Facsimile:    (503) 525-4833

Daniel E. Becnel, Jr.
Becnel Law Firm, L.L.C.
106 W. Seventh Street
Post Office Drawer H
Reserve, LA  70084
Telephone:    (985) 536-1186
Facsimile:    (985) 536-6445

    Of Attorney for Plaintiff

by ☑ mailing; and ☑ e-mailing a true and correct copy thereof to said parties on the date stated

below.

  DATED this 22nd day of May, 2008.


            _____
          Michael J. (Sam) Sandmire, OSB No. 90441
          Attorneys for Defendant Pfizer Inc.


**CERTIFICATE OF SERVICE**

373494/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

**Michael J. (Sam) Sandmire,** OSB No. 90441
E-mail:    mjs@aterwynne.com
ATER WYNNE LLP
222 SW Columbia, Suite 1800
Portland, Oregon  97201-6618
Telephone:   (503) 226-1191
Facsimile:   (503) 226-0079
Attorneys for Defendant Pfizer Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GENE SJOBERG,<br><br>       Plaintiff,<br><br>    v.<br><br>PFIZER, INC.,<br><br>       Defendant. | Case No. 6:08-cv-00571-AA<br><br>**DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM FOR ATTORNEY FEES AND COSTS (ORS 646.638(3))**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant"), and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

Page 1  –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

## ANSWER

1.      Defendant admits that Plaintiff brought this civil action seeking monetary damages, but denies that Plaintiff is entitled to any relief or damages.  Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Parties

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

3.      Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant admits that it is registered to do and does business in the State of Oregon.  Defendant denies any wrongful conduct, denies having committed a tort in the State of Oregon, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Factual Allegations

4.      Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States, including Oregon, to be prescribed by healthcare

Page 2  –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that Celebrex® caused Plaintiff injury or damages and denies the remaining allegations in this paragraph of the Complaint.

6.      Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

7.      Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

8.      Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants admit that the FDA granted approval of Celebrex® on

December 31, 1998. Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendant denies the remaining allegations in this paragraph of the Complaint.

9.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

11.     Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

12.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Strict Liability

14.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the

Page 5  –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

FDA.  Defendant states that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendant denies the remaining allegations in this paragraph of the Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

17.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

18.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

Page 6  –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

19.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

21.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

22.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**<u>Response to Second Cause of Action: Negligence</u>**

23.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

26.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

27.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Implied Warranty**

28.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

29.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admits that it had duties as are imposed by law but denies having breached such duties. Defendant denies the remaining allegations in this paragraph of the Complaint.

30.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

32.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

Page 9  –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

33.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Express Warranty**

34.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

35.    Defendant states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding "Plaintiff's decedent."  Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

36.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

**DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

38.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

39.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Fifth Cause of Action: Unlawful Trade Practices

40.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

41.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

43.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

44.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

Page 11 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

45.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Notice of Intent to Seek Authority to
### Plead a Claim for Punitive Damages

46.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

47.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

48.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

49.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

Page 12 – **DEFENDANT PFIZER INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**                    373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

50.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 50 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

Page 13 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

### Third Defense

At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendant.

### Sixth Defense

Plaintiff's action is barred by the statute of repose.

### Seventh Defense

If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

Page 14 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

### Ninth Defense

The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

Defendant affirmatively denies that it violated any duty owed to Plaintiff.

### Twelfth Defense

A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

Page 15 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

## Fifteenth Defense

Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

## Sixteenth Defense

If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendant or persons acting on its behalf after the product left the control of Defendant.

## Seventeenth Defense

Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

## Eighteenth Defense

Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

## Nineteenth Defense

Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

## Twentieth Defense

Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-First Defense

Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-Second Defense

The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-Third Defense

Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-Fourth Defense

Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-Fifth Defense

Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-Sixth Defense

Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Page 17 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

### Twenty-Seventh Defense

Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-Eighth Defense

Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-Ninth Defense

To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Oregon, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-First Defense

Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-Second Defense

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-Third Defense

Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-Fourth Defense

In the event that reliance was placed upon Defendant's nonconformance to an express

Page 18 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-Fifth Defense

Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-Sixth Defense

To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-Eighth Defense

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the State of Oregon.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to

Page 19 –  **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

what conduct will result in punitive damages; (3)  permits recovery of punitive damages based

on out-of-state conduct, conduct that complied with applicable law, or conduct that was not

directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive

damages in an amount that is not both reasonable and proportionate to the amount of harm, if

any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury

consideration of net worth or other financial information relating to Defendant; (6) lacks

constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production

Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-Ninth Defense

The methods, standards, and techniques utilized with respect to the manufacture, design,

and marketing of Celebrex®, if any, used in this case, included adequate warnings and

instructions with respect to the product's use in the package insert and other literature, and

conformed to the generally recognized, reasonably available, and reliable state of the knowledge

at the time the product was marketed.

### Fortieth Defense

The claims asserted in the Complaint are barred because Celebrex® was designed, tested,

manufactured and labeled in accordance with the state-of-the-art industry standards existing at

the time of the sale.

### Forty-First Defense

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

belief, such injuries and losses were caused by the actions of persons not having real or apparent

Page 20 –  **DEFENDANT PFIZER INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR  97201-6618
(503) 226-1191

authority to take said actions on behalf of Defendant and over whom Defendant had no control
and for whom Defendant may not be held accountable.

### Forty-Second Defense

The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®
was not unreasonably dangerous or defective, was suitable for the purpose for which it was
intended, and was distributed with adequate and sufficient warnings.

### Forty-Third Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,
waiver, and/or estoppel.

### Forty-Fourth Defense

Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-
existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,
subsequent medical conditions or natural courses of conditions of Plaintiff, and were
independent of or far removed from Defendant's conduct.

### Forty-Fifth Defense

The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®
did not proximately cause injuries or damages to Plaintiff.

### Forty-Sixth Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did
not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-Seventh Defense

The claims asserted in the Complaint are barred, in whole or in part, because the
manufacturing, labeling, packaging, and any advertising of the product complied with the
applicable codes, standards and regulations established, adopted, promulgated or approved by

Page 21 – **DEFENDANT PFIZER INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-Eighth Defense

The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-Ninth Defense

The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-First Defense

Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-Third Defense

The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

Page 22 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-Fourth Defense

Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-Fifth Defense

Plaintiff's claim for non-economic damages is subject to the statutory limitations set forth in ORS 31.710.

### Sixtieth Defense

Plaintiff is not entitled to a private right of action under ORS 646.638.

### Sixty-First Defense

Defendant's conduct complied with the orders or rules of, or a statute administered by a federal, state or local government agency, and, accordingly, Defendant is not liable under ORS 646.608.

### Sixty-Second Defense

Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### COUNTERCLAIM

Defendant is entitled to an award of attorney fees pursuant to ORS 646.638(3).

### JURY DEMAND

Defendant hereby demands a trial by jury.

Page 23 – **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendant be awarded its attorney fees and costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.     That Defendant has such other and further relief as the Court deems appropriate.

DATED this 23rd day of May, 2008.

ATER WYNNE LLP


By: s/Michael J. (Sam) Sandmire
    **Michael J. (Sam) Sandmire,** OSB No. 90441
    E-mail:      mjs@aterwynne.com
    Telephone:    (503) 226-1191
    Facsimile:    (503) 226-0079
    **Attorneys for Defendant Pfizer Inc.**

Page 24 –  **DEFENDANT PFIZER INC.'S ANSWER AND**
         **AFFIRMATIVE DEFENSES TO COMPLAINT**

373526/1/MJS/101858-0009

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618
(503) 226-1191

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing **DEFENDANT PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM FOR ATTORNEY FEES AND COSTS (ORS 646.638(3))** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

>      Jeffrey A. Bowersox
>      E-Mail:      Jeffrey@BLFpc.com
>      Bowersox Law Firm, P.C.
>      111 S.W. Columbia, Suite 1000
>      Portland, OR  97201
>      Telephone:   (503) 452-5858
>      Facsimile:   (503) 525-4833

>              Of Attorneys for Plaintiff

I further certify that I served the foregoing by First Class Mail to the following persons:

>      Daniel E. Becnel, Jr.
>      E-Mail:      dbecnel@becnellaw.com
>      Law Offices of Daniel E. Becnel, Jr.
>      106 W. Seventh Street
>      Post Office Drawer H
>      Reserve, LA  70084
>      Telephone:   (985) 536-1189
>      Facsimile:   (985) 536-6445

>              Of Attorneys for Plaintiff

DATED this 23rd day of May, 2008.


>      s/Michael J. (Sam) Sandmire
>      **Michael J. (Sam) Sandmire**, OSB No. 90441
>      ATER WYNNE LLP
>      Attorneys for Defendant Pfizer Inc.


**CERTIFICATE OF SERVICE**

# U.S. District Court
## District of Oregon (Eugene)
## CIVIL DOCKET FOR CASE #: 6:08-cv-00571-AA
## Internal Use Only

Sjoberg v. Pfizer Inc.
Assigned to: Judge Ann L. Aiken
Cause: 28:1332 Diversity-Product Liability

Date Filed: 05/22/2008
Date Terminated: 07/31/2008
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

### Plaintiff

**Gene Sjoberg**

represented by **Daniel E. Becnel, Jr.**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh Street
Post Office Drawer H
Reserve, LA 70084
985-536-11876
Fax: 985-536-6445
Email: dbecnel@becnellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Bowersox**
Bowersox Law Firm, P.C.
111 S.W. Columbia St.
Suite 1000
Portland, OR 97201
(503) 452-5858
Fax: (503) 525-4833
Email: Jeffrey@BLFpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Pfizer Inc.**

represented by **Michael J. Sandmire**
Ater Wynne, LLP
222 SW Columbia
Suite 1800
Portland, OR 97201

Certified to be a true and correct copy of original filed
in my office.
Dated 7/31/08
By _____ Sheryl S. McConnell, Clerk
_____ Deputy

(503) 226-1191
Fax: (503) 226-0079
Email: mjs@aterwynne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Pfizer Inc.**                                    represented by **Michael J. Sandmire**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Gene Sjoberg**                                   represented by **Daniel E. Becnel, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Bowersox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2008 | ●1 | Notice of Removal of Case Number 0805-06856 from Circuit Court of the State of Oregon for the County of Multnomah. Filing Fee in amount of $350 collected. Receipt No. 21370 issued. Filed by Pfizer Inc. (ljc) (Entered: 05/23/2008) |
| 05/22/2008 | ●2 | Corporate Disclosure Statement. Filed by Pfizer Inc.. (ljc) (Entered: 05/23/2008) |
| 05/22/2008 | ●3 | Discovery and Pretrial Scheduling Order and Notice of Case Assignment to the Honorable Ann L. Aiken. Discovery is to be completed by 9/19/2008. Joint Alternate Dispute Resolution Report is due by 10/20/2008. Pretrial Order is due by 10/20/2008. Ordered by Judge Ann L. Aiken. (ljc) (Entered: 05/23/2008) |
| 05/23/2008 | ●4 | Answer *and Affirmative Defenses to Complaint* (Related Doc. 1), Counterclaim *for Attorney Fees and Costs* Gene Sjoberg. Filed by Pfizer Inc.. (Sandmire, Michael) (Entered: 05/23/2008) |
| 06/17/2008 | ●5 | Stipulated Motion for Stay *All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation*. Filed by Pfizer Inc.. |

| | | (Attachments: # 1 Exhibit A) (Sandmire, Michael) (Entered: 06/17/2008) |
|---|---|---|
| 06/20/2008 | ❶6 | **ORDER:** Granting Stipulated Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation 5. Ordered by Judge Ann L. Aiken. (lae) (Entered: 06/20/2008) |
| 07/31/2008 | ❶7 | Conditional Transfer Order Dated July 8, 2008 transferring case to the USDC for the Northern District of California pursuant to MDL docket #1699. Signed & Sealed by Jeffery N. Luthi, Clerk of the Panel. (Filed July 31, 2008 and sent this date to USDC for the Northern District of California ).(cp) (Entered: 07/31/2008) |